IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**JOHN LEMEUL SMITH**                                                                          **PLAINTIFF**

**V.**                                                                    **CIVIL ACTION NO. 3:22-CV-216-DAS**

**KILOLO KIJAKAZI,**
**ACTING COMMISSIONER OF SOCIAL SECURITY**                 **DEFENDANT**

MEMORANDUM OPINION AND JUDGMENT

This cause is before the court on the plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration regarding her application for a period of disability and disability insurance benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. Docket 38. The court, having reviewed the administrative record, the briefs of the parties, and the applicable law and having heard oral argument, finds the decision of the Commissioner of Social Security should be affirmed.

FACTS

The plaintiff, John Lemeul Smith, filed for benefits on March 14, 2019, alleging onset of disability commencing in July 23, 2018. The Social Security Administration denied the claim initially and on reconsideration. Following a hearing, the ALJ issued an unfavorable decision on December 24, 2020. The Appeals Council denied the request for review, and this timely appeal followed.

The ALJ determined the plaintiff had the following severe impairments: obesity, cervical degenerative disc disease, right shoulder rotator cuff tear and degenerative joint disease, thoracic degenerative disc disease, lumbar degenerative disc disease, obstructive sleep apnea, seizure

disorder, diabetes mellitus, depression, posttraumatic stress disorder (PTSD), and post-concussion syndrome. The ALJ found he retained the residual functional capacity (RFC) to perform light work, with the following additional limitations: he cannot climb ladders, ropes, or scaffolds; he can occasionally climb ramps and stairs; he can occasionally balance, crouch, scoop, kneel, and crawl; he cannot work at unprotected heights or with dangerous machinery; he can frequently reach an all directions; he cannot work at very loud noise intensity levels as defined by the Selected Characteristics of Occupations; he would be limited to jobs involving simple and routine tasks where changes in the workplace setting would be infrequent and gradually introduced; he can have occasional interaction with supervisors, co-workers, and the general public.

While the plaintiff cannot perform any of his past relevant work, the ALJ found, based on the testimony of the Vocational Expert (VE), that there were other jobs in the national economy that would fit within his RFC. For example, the ALJ found he can work as an inspector, hand packager, and shipping and receiving weigher. These three jobs represent 315,000, 30,000, and 72,000 jobs respectively in the national economy.

## ANALYSIS

The plaintiff argues the ALJ failed to consider the combined effects of all of his impairments and thus failed to properly develop his residual functional capacity assessment. Specifically, the plaintiff contends "[i]t does not appear that his mental impairments were given any consideration," noting the ALJ's failure to adopt a finding that the plaintiff would be off task due at least 20% of the day due to his PTSD, post-concussion syndrome, and depression. Citing his cervical fusion, complex partial seizure disorder, and alleged inability to stand or walk longer

than 15 minutes, the plaintiff maintains substantial evidence does not support an RFC for light, or even sedentary, work.

This court's review of the Commissioner's decision is limited to an inquiry into whether there is substantial evidence to support the findings of the Commissioner, *Richardson v. Perales*, 402 U.S. 389, 401 (1971), and whether the correct legal standards were applied. 42 U.S.C. § 405 (g.); *Falco v. Shalala*, 27 F.3d 160, 162 (5th Cir. 1994); *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990); *Ripley v. Chater*, 67 F.3d 552, 553(5th Cir. 1995). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401 (quoting *Consolidated Edison v. NLRB*, 305 U.S. 197, 229 (1938)). The ALJ is solely "responsible for determining an applicant's residual functional capacity." *Ripley,* 67 F.3d at 557 (citing 20 C.F.R. § 404.1546). It is not a medical opinion, but an administrative decision, and the ALJ has considerable discretion in considering not just the medical evidence in the record, but other evidence. *Perez v. Secretary of Health and Human Services*, 958 F.2d 445, 446 (1st Cir. 1991) (citations omitted).

While the plaintiff's experiences numerous severe impairments, there is no indication in the record that the ALJ failed to consider the limiting effects of his impairments both singularly and in combination. The ALJ considered the treatment records and medical opinions documenting the plaintiff's mental impairments at step three in evaluating whether they met a listing and again in formulating the RFC. The ALJ acknowledged the plaintiff's "report[ed] problems with memory, concentration, understanding, following instructions, completing tasks, and getting along with others," yet cited treatment records documenting normal memory, "cooperative, comfortable, and appropriate" attitude, "stable mental status examinations,"

"generally unimpaired" concentration, memory, and judgment, and "maximum medical improvement." The ALJ accounted for the plaintiff's severe mental impairments by limiting him to unskilled work involving simple and routine tasks, infrequent and gradually-introduced changes in the workplace setting, and only occasional interaction with supervisors, co-workers, and the general public. While the VE considered the effect of an off-task limitation on the available job base, the plaintiff has not identified any objective medical evidence suggesting the ALJ erred in failing to include this limitation in the RFC. Contrary to the plaintiff's assertions, the ALJ gave the plaintiff's mental impairments proper consideration resulting in an RFC that is supported by substantial evidence.

With respect to the plaintiff's physical impairments, the ALJ's decision discusses these impairments at length, the medical evidence documenting the treatment thereof, and the limitations related thereto resulting in an RFC supported by substantial evidence. The plaintiff mentions his use of a cane, but he fails to identify any "medical documentation" establishing the need for a hand-held assistive device and describing the circumstances for which it is needed. *See* SSR 96-9p at *7. The ALJ acknowledged the plaintiff's statements that he could only walk for six to ten minutes before needing to stop and rest, yet treatment notes document good mobility and range of motion, normal strength and sensation, and mild pain. Moreover, physical examination notes document the plaintiff's "poor effort" and unsupported reports of pain and disability. Despite the plaintiff's contentions, the ALJ specifically considered his "continued neck and arm pain and nonspecific mention of seizures" in assigning limitations on his ability to reach and work at unprotected heights to account for these conditions. As specifically detailed in the Commissioner's brief, the record is replete with objective medical evidence supporting a light RFC with the additional limitations set forth therein.

The ALJ's consideration of the plaintiff's severe impairments—both mental and physical—is extensive. The court finds the record in this case was well-developed, thus providing sufficient evidence of the plaintiff's impairments, treatment, and related limitations to support the RFC. Accordingly, the Court finds there is no reversible error, and the Commissioner's decision is supported by substantial evidence in the record. Therefore, the decision of the Commissioner is hereby **AFFIRMED**.

**SO ORDERED**, this the 29th day of June, 2023.

/s/ David A. Sanders
**U.S. MAGISTRATE JUDGE**